**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

November 3, 2004

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-51432
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

MARCELL D. DEAN,

Defendant-
Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-03-CR-65-ALL
-----------------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:[*]

Marcell D. Dean was convicted by a jury of threatening to murder a federal judge with the

intent to retaliate against the judge on account of the performance of his official duties, a violation

of 18 U.S.C. § 115. The district court determined that Dean was a career criminal for purposes of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. §§ 4B1.1 and 4B1.2. Dean was sentenced to a 100-month imprisonment term and a three-year term of supervised release.

Dean has filed a motion seeking to relieve the counsel appointed to represent him on appeal so that he can raise claims of ineffective assistance of appellate counsel on direct appeal. He has also filed a motion seeking the appointment of substitute counsel so that he can file a petition for a writ of habeas corpus challenging his state conviction for murder. Those motions are DENIED.

Dean appeals his sentence on the ground that the district court erred in finding him to be a career offender. Specifically, he argues that, because he was incarcerated in a Texas state prison at the time he made the threat, it was not a credible threat that posed a serious potential risk of physical harm to the judge.

Section 4B1.2 of the sentencing guidelines offers two disjunctive definitions of a "crime of violence." The district court did not err in finding that Dean's instant offense is a "crime of violence" for the purposes of determining career offender status. See 18 U.S.C. § 115; U.S.S.G. §§ 4B1.1 and 4B1.2(a)(1). Thus, the judgment of the district court is AFFIRMED.